602 So.2d 721 (1992)
STATE of Louisiana ex rel. Robert TASSIN
v.
John WHITLEY, Warden.
No. 92-KD-1920.
Supreme Court of Louisiana.
July 10, 1992.
Fred J. Cassibry, Denise LeBoeuf, New Orleans, for plaintiff-relator.
John M. Mamoulides, District Attorney, for defendant-respondent.
DENNIS, Justice.
Relator, Robert Tassin, requested that this court stay and reverse the trial court's order compelling the relator's expert attorney and psychologist witnesses to submit to depositions by the state during a recess or interruption of an evidentiary hearing on the relator's application for post-conviction relief.
Tassin was convicted of first degree murder and sentenced to death. State v. Tassin, 536 So.2d 402 (La.1988). In response to his application for post-conviction relief filed in August of 1990, the trial court ordered an evidentiary hearing on his claims that (1) an exculpatory witness known to the prosecution never testified, in violation of Brady, (2) the state committed *722 a Giglio violation by concealing the sentence agreement offered relator's wife for her testimony, and (3) relator received ineffective assistance of counsel at the guilt-innocence and penalty phases of his trial. The evidentiary hearing commenced on April 8, 1992, but on April 15, 1992, the trial court ordered a recess until September 1, 1992. On May 13, 1992, the state moved the trial court for an order to compel the depositions of the relator's two remaining witnesses, an attorney as an expert on the issue of ineffective assistance of counsel and a psychologist as an expert who has examined the relator. After a hearing on June 22, 1992, the trial court granted the state leave to take the depositions. In doing so, the trial court also declared that the relator would not be permitted to take depositions of the state's witnesses, state attorneys involved in Tassin's prosecution, because they are "fact," not "expert," witnesses.
The state made no showing that there was good cause for it to be granted leave to take the depositions of relator's witnesses. Instead, the state claimed the right to the discovery based on the proposition that (i) post-conviction relief proceedings are civil in nature; and (ii) in civil proceedings a party has "a right to depose witnesses before we go to trial on the issues." For this proposition the state relied on this court's decision in Lemmon v. Connick, 590 So.2d 574 (La.1992). The state's argument, and the trial court's ruling based thereon, were clearly erroneous.
In Lemmon v. Connick, supra, this court held that:
Post conviction relief, which the respondent argued is contemplated by relator's client, is not "criminal litigation" within the meaning of this section of the Public Records Act. The reasons for this conclusion were well stated by the court of appeal in Harrison v. Norris, 569 So.2d 585 (La.App.2d Cir.1990). Id. 590 So.2d at 575.
In Harrison v. Norris, supra, the court of appeal explained that post-conviction relief proceedings, like habeas corpus proceedings, are hybrid, unique and have both civil and criminal legal characteristics. Cf. Harris v. Nelson, 394 U.S. 286, 293-94, 89 S.Ct. 1082, 1087-88, 22 L.Ed.2d 281. For that reason, the court of appeal concluded that under the provisions of the Public Records Act, a criminal prosecution ends when the criminal charge has been finally disposed of; a post-conviction proceeding does not constitute a criminal prosecution; and, therefore, a post-conviction relief proceeding, unlike a criminal prosecution, does not prevent public access to public records pertaining to a prior criminal prosecution that has been finally disposed of. 569 So.2d at 587-91. Consequently, this court has never held that post-conviction relief proceedings are completely or purely civil in nature.
Post-conviction relief proceedings are governed by statutory and court rules. La. C.Cr.P. arts. 924-930.8; La.Sup.Ct.Rule XXVII. An application for post-conviction relief is a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside or other relief. La.C.Cr.P. art. 924.
The trial court may dispose of the petition for relief summarily if the factual and legal issues can be resolved based upon the application and answer, and supporting documents, including relevant transcripts, depositions and other reliable documents submitted by either party or available to the court. La.C.Cr.P. art. 929(A). For this purpose, and "for good cause," oral depositions of the petitioner and witnesses may be taken under conditions specified by the court, requests for admissions of fact and of genuineness of documents may be authorized, and in such matters the court shall be guided by the Code of Civil Procedure. La.C.Cr.P. art. 929(B).
When there are questions of fact which cannot properly be resolved pursuant to a dismissal upon the pleadings, La.C.Cr.P. art. 928, or a summary disposition, La. C.Cr.P. art. 929, an evidentiary hearing for the taking of testimony or other evidence shall be ordered. La.C.Cr.P. art. 930(A). When there is a factual issue of significance to the outcome that is sharply contested, *723 the trial court will not be able to resolve the factual dispute without a full evidentiary hearing. La.C.Cr.P. art. 929, Official Revision Comment.
These post-conviction relief rules are modeled on the American Bar Association Standards for Post-Conviction Remedies and the proposed (since modified and adopted) federal rules governing post-conviction applications by state prosecutors under 28 U.S.C. § 2254. See Joseph, "Postconviction Procedure," 41 La.L.Rev. 625, 638 (1981). These post-conviction procedures were not designed to give the prisoner or the state a right to inquire into "any matter, not privileged, which is relevant to the subject matter involved in the pending action," as is afforded civil litigants. Harris v. Nelson, 394 U.S. 286, 297, 89 S.Ct. 1082, 1089, 22 L.Ed.2d 281 (1969). See also Federal Rules of Civil Procedure, Rule 26(b), and Louisiana Code of Civil Procedure article 1422. Such a broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas or post-conviction proceeding. Cf. Harris v. Nelson, supra.
In determining when summary disposition without plenary hearing and discovery are appropriate in a post-conviction proceeding, the court should bear in mind the purposes of these procedures. As expounded by Professor Joseph, the aims of the rules are as follows:
Louisiana Code of Criminal Procedure article 929 envisions the possibility of disposition based on the application, the answer, and other supporting documents.
In order to expand the record, the district court may order production of the record of the proceedings leading to the conviction. For example, the colloquy of a guilty plea may adequately resolve the merits of a challenge to the adequacy of the "Boykin examination."
Recognizing the need in some cases to go beyond the record of the proceedings, the Code of Criminal Procedure now empowers the district court to authorize oral depositions, requests for admissions of fact, and requests for admission of genuineness of documents. Such discovery techniques may be used upon a showing of "good cause" and are to be regulated by the court. The court should be guided by the Louisiana Code of Civil Procedure in specifying the conditions under which the discovery techniques are to be used.
Discovery devices may be employed effectively to eliminate possible factual disputes by fully developing the petitioner's allegations. What appears to be a factually meritorious claim (when alleged in the petition) may collapse after the petitioner's deposition has been taken and, under oath, he recants some of his allegations.
After the methods of expanding the record have been employed, the court may find that no evidentiary hearing is needed.
Due to the obvious importance of the discovery procedures in determining the appropriateness of summary dismissal, the petitioner is entitled to the assistance of counsel if such methods are utilized.
The availability of summary disposition recognizes the obvious fact that the record or expanded record will sometimes conclusively belie the allegations of the petition. An evidentiary hearing will be necessary only to resolve disputes over contested facts where real credibility issues are presented.
Whether the sort of factual dispute exists which requires an evidentiary hearing is obviously a sensitive question and deserves the most careful consideration by the trial court. The credibility of witnesses cannot generally be resolved on a "cold record." The proper method to dispose of a genuine and material factual dispute is by evidentiary hearing where witnesses testify before the district court subject to cross examination. However, that is not to suggest that a summary disposition is never appropriate just because there are some factual disputes. For example, if a petitioner alleges that he was not advised of certain of his rights during his arraignment and the record shows that such advice was given, summary disposition may be appropriate despite what might be characterized as a factual dispute.

*724 The wording of the code article is significant. Louisiana Code of Criminal Procedure article 930 requires an evidentiary hearing if there are "questions of fact which cannot properly be resolved" on the basis of the expanded record. Obviously, the Code of Criminal Procedure assumes that some factual disputes can be resolved on the record and some cannot. Article 929A specifically refers to the resolution of "factual and legal" issues on the basis of the expanded record (including depositions, other "reliable" documents, etc.). This is a matter which must be approached with much caution. The trial court must be sensitive to the petitioner's right to have fair determination of the factual basis of his claim.
A hearing requiring production of the petitioner will be required when factual disputes exist which cannot properly be resolved on the basis of the record or the expanded record. Several aspects of this evidentiary hearing should be considered.
Evidentiary rules governing the trial on the question of guilt or innocence need not be followed at the hearing. Louisiana Code of Criminal Procedure article 930B specifically recognizes admissibility of various properly authenticated documents, such as records, transcripts, depositions and admissions of fact.
Since the search for truth is the district court's paramount concern, all reliable evidence tending to establish the relevant facts should be considered. With the judge as fact-finder in this hearing, objections on traditional hearsay grounds generally can be considered as affecting the weight rather than the admissibility of the evidence.
If an evidentiary hearing is held, the petitioner is entitled to counsel, and to court-appointed counsel if indigent. Because most petitioners will be indigent prisoners who have no means to employ counsel, the court generally must appoint counsel if an evidentiary hearing is ordered.
Joseph, "Postconviction Procedure," 41 La. L.Rev. 625, 636-638.
Consequently, in determining whether there is "good cause," i.e., grounds or reason, for the proposed discovery, the trial court must weigh such considerations as whether the procedure will prejudice the petitioner's right to have a fair determination of the factual basis of his claim, whether there is a real credibility issue presented necessitating an evidentiary hearing, whether the proposed discovery can be used to eliminate a factual dispute or an evidentiary hearing, or whether there is a need in the particular case to supplement the record to facilitate summary disposition.
Applying these factors to the record in the present case, I conclude that there is a complete absence of a showing of "good cause" for allowing the state to depose the prisoner's expert witnesses. In fact, the record contra-indicates permitting the practice of such discovery here. Absent is any indication that credibility assessments will not be required in deciding the issues upon which the prisoner's witnesses will give testimony. Nor was there any showing that the depositions will eliminate the evidentiary hearing on these issues. On the contrary, it appears likely that the state will call witnesses at the hearing to testify on the same subjects and that the prisoner will have the right to present live testimony directly and in rebuttal on the same issues. Consequently, the trial court's ruling will not facilitate either summary disposition or expedition of a plenary hearing. Moreover, because the discovery order does not grant the prisoner an equal right to depose the state's witnesses prior to the recommencement of the evidentiary hearing, there is a risk that the state will be given unfair advantage and that the relator will be deprived of a fair trial and determination of the merits of his claim.
For these reasons, the writ is granted and the trial court's order that oral depositions of the petitioner's witnesses may be taken by the state is vacated.
CALOGERO, C.J., and LEMMON and HALL, JJ., concur in the order and the opinion.