PER CURIAM.[1]
Granted. Our previous order directing the district court to “hold a hearing at which it will consider all of relator’s claims, both those raised in the original applica *1286 tion ... and [in] the supplemental petition,” Davis v. Cain, 96-2390 (La.6/20/97), 695 So.2d 1342, does not, as to any of relator’s claims, override the court’s duty to consider only “ ‘reliable evidence tending to establish the relevant facts.... ’ “State ex rel. Tassin v. Whitley, 602 So.2d 721, 724 (La.1992) (quoting Cheney C. Joseph, Jr., Developments in the Laiv: Post-conviction Relief, 41 La.L.Rev. 632, 638 (1981)). With regard to Supplemental Claim VI, relator must establish in support of his equal protection claim “that the decision-makers in his case acted with discriminatory purpose .... [with] evidence specific to his case that would support an inference that racial considerations played a part in his sentence.” McCleskey v. Kemp, 481 U.S. 279, 292-93, 107 S.Ct. 1756, 1767, 95 L.Ed.2d 262 (1987). The district court should admit at the hearing only evidence relevant to that standard, as opposed to general statistics or broad sociological studies, and consider whether “exceptionally clear proof’ exists that the discretion inherent in the criminal justice process has been abused in relator’s particular case by decision-makers acting with deliberate discriminatory purpose. McCleskey, 481 U.S. at 297, 107 S.Ct. at 1770.

. Johnson, J., not on panel. See La.S.Ct.Rule nt, Part II, § 3.