PER CURIAM.
| denied. For purposes of applying the new constitutional rule of Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), in relator’s case, the decision in State v. Jacobs, 07-0887 (La.App. 5 Cir. 5/24/11), 67 So.3d 535, writ denied 11-1753 (La.2/10/12), 80 So.3d 468, affirming his convictions and sentences for second degree murder, became final when the Supreme Court denied his pending petition for certiorari on October 1, 2012, without comment, less than four months after deciding Miller, and without giving him the benefit of Miller. Jacobs v. Louisiana, — U.S. -, 133 S.Ct. 139, 184 L.Ed.2d 67 (2012); see Caspari v. Bohlen, 510 U.S. 383, 390, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994) (“A state conviction and sentence become final for purposes of retroactivity when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.”) (citing Griffith v. Kentucky, 479 U.S. 314, 321, n. 6, 107 S.Ct. 708, 712, 93 L.Ed.2d 649 (1987)) (for purposes of applying new federal constitutional rules to cases in the direct review pipeline and not yet final, “[b]y ‘final,’ we mean a case in which a judgment of conviction has been rendered, the | ^availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiora-ri finally denied.”). Relator’s case was therefore no longer on direct review or subject to direct review when he filed his present application in 2013 raising a Miller claim. Relator’s application is thus governed by this Court’s decision in State v. Tate, 12-2763 (La.11/5/13), 130 So.3d 829, cert. denied, Tate v. Louisiana, — U.S. -, 134 S.Ct. 2663, 189 L.Ed.2d 214 (2014), which declined to give Miller retroactive effect to final sentences subject only to collateral attack. The district court therefore did not err in denying the application.
JOHNSON, C.J., would grant.
KNOLL, J., recused.