PER CURIAM.
| ^Relator’s complaints about counsel’s deficient performance are conclusory and unsupported by citations to the record, and he thus fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Although relator was a juvenile at the time of the offense, he is not entitled to a sentencing hearing. See State v. Tate, 12-2763 (La.11/5/13), 130 So.3d 829, cert. denied, Tate v. Louisiana, — U.S.-, 134 S.Ct. 2663, 189 L.Ed.2d 214 (2014); see also State v. Jacobs, 14-1622 (La.4/17/15), 165 So.3d 69. Finally, relator makes no showing that the district court erred when it denied relief summarily without ordering an evidentiary hearing on the matter. La. C.Cr.P. art. 929(A); State ex rel. Tassin v. Whitley, 602 So.2d 721, 722 (La.1992).
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a ^second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in state collateral proceedings in accord with' La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless relator can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review.