PER CURIAM:
| denied. A district court may dispose of an application for post-conviction relief summarily, even if it states a claim on which relief could be granted, see La. C.Cr.P. art. 928, if the factual and legal issues it presents can be resolved based on the application and other reliable documents submitted or available to the court. La.C.Cr.P. art. 929(A); State ex rel. Tassin v. Whitley, 602 So.2d 721, 722-23 (La. 1992). Relator fails to show any factual issues of significance are sharply contested and therefore fails to show the district court abused its discretion when it resolved his claims without an evidentiary hearing. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in |2accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
*372 [[Image here]]