PER CURIAM:
| granted. The court of appeal’s ruling is reversed and the district court’s ruling in which it summarily denied post-conviction relief is reinstated. The court of appeal erred when it granted writs and ordered the district court to conduct an evidentiary hearing to resolve a claim of ineffective assistance for failing to object to the jury charge, which the district court acted within its discretion in summarily dismissing. See La.C.Cr.P. art. 929(A); State ex rel. Tassin v. Whitley, 602 So.2d 721, 722 (La. 1992). The district court also correctly dismissed an additional claim of ineffective assistance of counsel at the habitual offender adjudication, which is a sentencing claim not cognizable on collateral review. State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172; State v. Cotton, 09-2397 (La. 10/15/10), 45 So.3d 1030 (“[A] habitual offender adjudication ... constitutes sentencing for purposes of Melinie and La.C.Cr.P. art. 930.3, which provides no vehicle for post-conviction consideration of claims arising out of habitual offender proceedings, as opposed to direct appeal of the conviction and sentence.”); State v. Thomas, 08-2912, (La. 10/16/09), 19 So.3d 466 (claims of “ineffective assistance of counsel at sentencing are not cognizable on collateral review pursuant to La.C.Cr.P. art. 930.3 and State ex rel. Melinie v. State”). We attach hereto and make a part hereof the District Court’s written reasons denying respondent’s application.
Respondent has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Respondent’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, respondent has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
Guidry, J., would deny.
|sAttachment
*870 [[Image here]]
*871 [[Image here]]
[[Image here]]
*872 [[Image here]]
*873 [[Image here]]
*874 [[Image here]]
*875 [[Image here]]
*876 GUIDRY, J.
h GUIDRY, J., would deny.