STATE OF LOUISIANA

VERSUS

JOHN THOMAS

NO. 24-KH-606

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

January 24, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** JOHN THOMAS

---

**APPLYING FOR**  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE MICHAEL P. MENTZ, DIVISION "F", NUMBER 20-5774

---

Panel composed of Judges Jude G. Gravois,
John J. Molaison, Jr., and Timothy S. Marcel

**WRIT DENIED**

The relator, John Thomas, seeks review of the trial court's August 5, 2024 denial of his application for post-conviction relief (APCR).  We deny relief for the following reasons.

According to a plea agreement, the relator pled guilty to pornography involving juveniles on June 17, 2021, and the court sentenced him to ten years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.  The relator did not file a motion for an appeal.

The relator filed a counseled APCR in the trial court on July 30, 2024, claiming ineffective assistance of counsel under La. C.Cr.P. art. 930.8(A)(1), the "facts not known" exception.  The relator argued that he was unaware at the time of his plea that the court could have used his medical and mental health records and military service history as mitigating evidence to reduce his sentence.  The relator alleged that trial counsel rendered ineffective assistance by failing to

investigate and present the trial court with mitigating factors. The State filed a response, waiving its objection to the untimeliness of the relator's APCR, and took no position on the merits of the relator's claim. In denying relief, the trial court found that the relator's APCR was untimely and, addressing the merits, failed to meet his post-conviction burden of proof under La. C.Cr.P. art. 930.2.[1] The trial court pointed out that the relator "received a favorable sentence well below the maximum as a result of his attorney's plea negotiations."

The relator filed the instant *pro se* writ application, again alleging ineffective assistance of counsel. To circumvent the two-year time bar for filing an APCR, the relator maintains that his ineffective assistance claim rests on facts unknown to him or his prior attorney. The relator claims that he "was not aware of the importance of his military history, Post-Traumatic Stress Disorder (PTSD) diagnosis, addiction issues, and self-harm behavior until on or about May 2023 in a Zoom meeting with his new counsel." The relator argues his trial counsel was ineffective for failing to investigate the relator's background for mitigating evidence which could have resulted in a "better plea agreement" with the State.

Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. *State v. Casimer*, 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129, 1141. To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Casimer*, 113 So.3d at 1141. Under the *Strickland* test, the defendant must show (1) that counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) that the deficient performance prejudiced the defense.

---

[1] La. C.Cr.P. art. 930.2 states: "The petitioner in an application for post-conviction relief shall have the burden of proving that relief should be granted."

*Id.* A prejudicial error is so serious as to deprive the defendant of a fair trial or "a trial whose result is reliable." *Id.* (quotations omitted). To prove prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the trial's outcome would have been different. *Id.* (citing *Strickland v. Washington*, *supra*).

The relator's writ application includes a letter addressed to the Jefferson Parish District Attorney's Office, dated July 25, 2024, in which his former post-conviction counsel requested that the relator's sentence be "revisited" because the relator's military service, during which he was injured in 1998 when his ship was hit by an Iranian mine and his subsequent diagnosis of traumatic brain injury and PTSD resulting from the incident, were unknown to the State and the trial court. When released on bail, the relator says he immediately contacted his psychiatrist with the Veterans Administration, who arranged for him to begin sexual addiction therapy for "the entire twenty (20) months he was out on bail, right up to the time when he was incarcerated." Yet, the relator never informed his trial counsel of his participation in this program or any other therapy he underwent with his psychiatrist. While the relator does present a traumatic and compelling mental health history, the relator has not shown that his trial counsel's negotiations were not substantial given that the relator, who faced a maximum sentence of twenty years imprisonment for the offense of pornography involving juveniles, received a ten-year sentence. Thus, the relator has not shown that trial counsel's negotiated plea agreement amounted to ineffective legal representation.

Moreover, the court imposed an agreed-upon sentence according to a plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of an imposed sentence conforming with the plea agreement supported by the record at the time of the plea. Since the court imposed a sentence due to a plea

agreement, trial counsel was not required to present mitigating evidence at sentencing.[2]

The relator also alleges that the trial court failed to conduct an evidentiary hearing.  However, the trial court may dispose of an APCR summarily when the application, answer, and supporting documents, including relevant transcripts, depositions, and other reliable documents submitted by either party or available to the court, resolve the factual and legal issues.  La. C.Cr.P. art. 929(A).  Given the issues raised by the relator, the trial court acted within its discretion when it resolved the relator's claims without conducting an evidentiary hearing.  *See State ex rel. Tassin v. Whitley*, 602 So.2d 721, 722 (La. 1992).

For the preceding reasons, we deny this writ application.

Gretna, Louisiana, this 24th day of January, 2025.

**JJM**
**JGG**
**TSM**

---

[2] The relator's reliance on *Porter v. McCollum*, 558 U.S. 30, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009) (*per curiam*), is misplaced.  In *Porter*, the Supreme Court ruled that counsel's failure to conduct some sort of mitigation investigation, including failing to uncover and present any evidence of the defendant's mental health or mental impairment, his family background, or his military service "did not reflect reasonable professional judgment." *McCollum,* 558 U.S. at 40-44, 130 S.Ct. at 453.  However, in *Porter*, counsel had failed to uncover any evidence concerning the defendant's history to introduce as mitigating evidence during the death penalty phase of trial.  Thus, *Porter* is distinguishable from the relator's case.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **01/24/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**24-KH-606**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Michael P. Mentz (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
John Thomas #761750 (Relator)
Dixon Correctional Institute
Post Office Box 788
Jackson, LA 70748