STATE OF LOUISIANA

VERSUS

COREY MILLER

NO. 25-KH-315

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

August 09, 2025

Linda Tran
First Deputy Clerk

IN RE COREY MILLER

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE STEPHEN D. ENRIGHT, JR., DIVISION "N", NUMBER 02-404

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and E. Adrian Adams, Pro Tempore

**WRIT DENIED**

Relator, Corey Miller, seeks supervisory review of the trial court's June 25, 2025 ruling which denied his application for post-conviction relief ("APCR") as time-barred pursuant to La. C.Cr.P. art. 930.8(A), as well as successive pursuant to La. C.Cr.P. art. 930.4.  On the showing made, we find no abuse of the trial court's discretion, and thus deny the writ application.

## ANALYSIS

La. C.Cr.P. art. 930.8 provides, in pertinent part: "No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922," unless one of the exceptions set forth therein apply.  Here, relator's conviction and sentence

became final in 2013.[1]  On June 16, 2025, relator filed an APCR, through counsel, with the district court.  In it, relator claimed that the jury instructions placed an undue burden on the defense "to prove beyond a reasonable doubt lesser-included defenses."  Relator also argued that the trial court erred by remanding the jury to re-deliberate without instructing them again on lesser included offenses and "not guilty" as responsive verdicts, and by further failing to declare a mistrial after the jury's first verdict was declared invalid.  In addition, relator claimed that counsel rendered ineffective assistance by failing to object to the improper jury instructions.

On June 25, 2025, the district court denied relief, stating: "[Relator] does not provide or meet any of the exceptions for filing an untimely application, as provided under La. C.Cr.P. art. 930.8(A).  [Relator's] APCR is untimely and thus is procedurally barred from review at this time."  The district court also found that relator's APCR was successive pursuant to La. C.Cr.P. art. 930.4.[2]

On July 18, 2025, relator's timely-filed counseled writ application was stamped as filed with this Court.  In it, relator re-urges his claims of improper jury instructions and ineffective assistance of counsel.

The exceptions set out in La. C.Cr.P. art. 930.8(A)(1), (2), (3), and/or (4) are inapplicable to relator's case because his claims do not rest on newly discovered

---

[1] *See Miller v. Louisiana*, 568 U.S. 1157, 133 S.Ct. 1238, 185 L.Ed.2d 177 (2013).  In prior proceedings, on August 11, 2009, a jury found relator guilty of second degree murder in violation of La. R.S. 14:30.1.  On August 14, 2009, the trial court sentenced relator to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.  On December 28, 2011, this Court affirmed relator's conviction and sentence.  *State v. Miller*, 10-718 (La. App. 5 Cir. 12/28/11), 83 So.3d 178.  The Louisiana Supreme Court denied relator's writ application on May 18, 2012.  *State v. Miller*, 12-282 (La. 5/18/12), 89 So.3d 1191.  The United States Supreme Court denied certiorari on February 19, 2013.  *Miller v. Louisiana*, 568 U.S. 1157, 133 S.Ct. 1238, 185 L.Ed.2d 177 (2013).

[2] La. C.Cr.P. art. 930.4(D) provides: "A successive application may be dismissed if it fails to raise a new or different claim."  La. C.Cr.P. art. 930.4(E) provides: "A successive application shall be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application."  In finding relator's APCR was successive, the district court did not state a specific provision applied to relator's claims.  This Court notes that relator had a full appeal, as noted in footnote 1.

evidence or an unknown interpretation of constitutional law, his application was filed after October 1, 2001, and he was not sentenced to death.[3] In the instant application, relator states that his claims fall under the "facts not known" exception of La. C.Cr.P. art. 930.8(A)(1), which allows a defendant to file an APCR more than two years after his conviction and sentence has become final where "[t]he application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his prior attorneys." However, relator offers no support as to how this exception applies to his claim of erroneous jury instructions and counsel's failure to object to them, as these claims are based upon his own trial proceedings. Accordingly, the district court did not err in finding relator's claims are time-barred.[4]

Additionally, on appeal, relator raised his claim regarding the trial court's failure to declare a mistrial after the jury's first verdict was declared invalid. This Court found no abuse of discretion on the trial court's part, stating: "[T]he record does not show that a mistrial under La. C.Cr.P. art. 775(2) was warranted, because the jury could not agree on a verdict or because prejudicial conduct made it impossible for defendant to obtain a fair trial." *See Miller*, 10-718, 83 So.3d at 202-03. Consequently, because relator's claim was fully litigated on appeal, and relator fails to make a showing that the interest of justice requires it to be reconsidered now, this claim is also precluded from post-conviction review under La. C.Cr.P. art. 930.4(A).[5]

---

[3] *See* La. C.Cr.P. art. 930.8(A).

[4] In any event, given that relator does not include a copy of the complained-of jury instructions in his application or even point to the specific wording he now claims was objectionable, it does not appear he would meet his post-conviction burden of proof. La. C.Cr.P. art. 930.2 provides: "The petitioner in an application for post-conviction relief shall have the burden of proving that relief should be granted."

[5] La. C.Cr.P. art. 930.4(A) provides: "Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered."

Relator also complains that the district court did not order the State to file a response. Additionally, relator faults the district court for not conducting an evidentiary hearing.

La. C.Cr.P. art. 927(A) permits the State to file an answer to a relator's APCR. The Official Revision Comment to La. C.Cr.P. art. 927 provides, in part: "An answer is required only when a claim upon which relief could be granted has been stated." Given that relator's APCR was denied outright by the district court, it does not appear an answer from the State was warranted, which in any case, would be to "afford the State an opportunity to be heard." *See State v. Terry*, 458 So.2d 97, 101 (La. 1984). Furthermore, the district court may dispose of the petition for relief summarily if the factual and legal issues can be resolved based upon the application and answer, and supporting documents, including relevant transcripts, depositions, and other reliable documents submitted by either party or available to the court. La. C.Cr.P. art. 929(A). In light of the untimeliness of the claims raised by relator as discussed above, the district court acted within its discretion when it resolved relator's claims without conducting an evidentiary hearing. *See State ex rel. Tassin v. Whitley*, 602 So.2d 721, 722 (La. 1992).

## CONCLUSION

Based on the foregoing, we find no error in the ruling of the district court. Accordingly, on the showing made, the writ application is denied.

Gretna, Louisiana, this 9th day of August, 2025.

**JGG**
**MEJ**
**EAA**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **08/09/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-KH-315**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Stephen D. Enright, Jr. (DISTRICT JUDGE)
Thomas J. Butler (Respondent)                    Ernest L. Johnson (Relator)

### MAILED

Honorable Paul D. Connick, Jr.
(Respondent)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053